## Alfred Ennis v. Pullman's Palace Car Company.

1. PRACTICE—*Error Without Injury.*—Error without injury is no cause for reversing a judgment.

Assumpsit, for legal services. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1895. Opinion filed October 31, 1895.

S. S. GREGORY, attorney for appellant.

F. B. DANIELS, attorney for appellee; WILLIAMS, HOLT, & WHEELER, of counsel.

Mr. Presiding Justice Gary delivered the opinion of the Court.

The appellant sued for services as general counsel of the appellee.

His services began in June, 1884, and ended with October, 1888. This suit was commenced September 30, 1893. The appellee pleaded the limitation of five years.

About the time of the trial the appellee paid into court $1,000 for the two months—September and October, 1888 —which money the appellant withdrew; but that is of no significance now, except that perhaps it explains the verdict for the appellant for $180 as being interest (as the jury calculated) on the $1,000. The court instructed the jury that the appellant could not recover for any services rendered prior to the month of September, 1888. That instruction may be conceded to be wrong without affecting the result we must reach.

The appellant testified that often, during his service and after it had ended, he had conversations with the president of the company, who alone had authority to fix the salary of the appellant, as to what his salary should be, and that the president never did fix it, but always said that it should be fixed satisfactorily and dated back. Now if that position were established, the statute would not probably begin to run until the salary was fixed, or fixing it, refused. And so, theoretically, the jury should not have been instructed in such a way as to take that question from them.

But it is familiar law that error without injury is no cause for reversing a judgment. If a verdict for the appellant, upon the theory that his salary was never fixed, could not have stood, no harm was done by the instruction.

The testimony of the president of the company was that early in July, 1885, the salary was fixed between himself and the appellant, giving the appellant $300 for June, 1884, and $500 per month thereafter, and that nothing more was ever said about it. Now if neither witness had been corroborated, decisions can be found both ways, that the appellant, having the affirmative, might succeed or must fail.

But the fact, undisputed, is that of the date of July 1, 1885, the appellant gave to the appellee, a receipt in full to that date, expressing that it was for services as general counsel for June, 1884, at $300, and for the next twelve months at $500 per month. And the evidence is conclusive that thereafter, to and including August, 1888, the appellant received $500 for each month, and signed receipts as being in full for his services for the month.

With the negative thus corroborated by the conduct of the appellant for more than two years, no substantial verdict in his favor could have been permitted to stand; and no explanation by his own testimony of circumstances under which such receipts were given, contradicted by all living persons cognizant of the circumstances, would aid him.

The value of his services—whether more or less than $500 per month—cuts no figure on the question whether the salary was agreed upon. Upon the single ground that a substantial verdict for the appellant could not have stood, and therefore any error against him is merely theoretical and not practical, the judgment is affirmed.