THE CITY ELECTRIC RAILWAY COMPANY

*v.*

CHRISTINA JONES.

*Filed at Springfield March 30, 1896.*

1. APPEALS AND ERRORS—*errors must appear in the abstract.* Everything on which error is assigned must appear in the printed abstract of the record.

2. SAME—*questions of law must be preserved in the record.* Whether or not a plaintiff below was guilty of such contributory negligence as to preclude recovery will not be passed upon unless that question is in some manner preserved in the record as one of law.

*City Electric Ry. Co.* v. *Jones,* 61 Ill. App. 183, affirmed.

161 47
64a 260
64a 436

161 47
167 22

161 47
69a 147
69a 615
70a 371

161 47
79a 507

161 47
83a 442

161 47
d90a [1]590

161 47
192 [1] 81

161 47
108a [1]580

161 47
110a [1]302
110a [1]589

161 47
211 [1]112
111a [1]589
112a 50

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Macon county; the Hon. EDWARD P. VAIL, Judge, presiding.

MILLS BROS., and W. C. JOHNS, for appellant.

D. D. HILL, and BUCKINGHAM & SCHROLL, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee recovered a judgment against appellant, which has been affirmed by the Appellate Court.

But one alleged error is presented to this court for consideration, and that consists in the giving, at plaintiff's instance, of instruction No. 5. All that appears in the abstract concerning the instruction is the following: "R. 515-519.—Instructions for plaintiffs. R. 521-525.—Instructions to jury on part of defendant. R. 526-529.—Instructions on the part of defendant refused by the court." Everything on which error is assigned must appear in the abstract, and since none of the instructions given or refused so appear, neither this court nor the Appellate Court could be asked to consider the giving of the instruction now complained of. (*City of Roodhouse* v. *Christian*, 158 Ill. 137; *Chapman* v. *Chapman*, 129 id. 386.) The Appellate Court, however, turned to the record and examined the instructions, and we have done likewise, and upon a consideration of the whole series we are satisfied that appellant has no cause of complaint on account of the giving of said instruction No. 5.

It is also urged that this court should say, as a matter of law, that the plaintiff could not recover because she was guilty of contributory negligence. The question whether she was so guilty as a matter of law was not preserved in any manner, and the judgment of the Appellate Court must be regarded as conclusive.

The judgment will be affirmed.      *Judgment affirmed.*