## Frank E. Baker v. Royal E. Deane and George G. Brooks.

1. INSTRUCTIONS—*Error Without Injury.*—Where, upon the evidence a plaintiff could not recover, it matters not so far as he is concerned, what, if any, errors were committed upon instructions.

2. ERRORS—*Must be Disclosed by Abstract.*—Where affidavits filed in support of a motion for a new trial are not in the abstract, a court of appeal will not inquire whether they showed ground for a new trial or not.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed March 29, 1897.

FERGUSON & GOODNOW, attorneys for appellant.

OLIVER & MECARTNEY, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellant went to the store of the appellees, "who conduct and sell general restaurant furnishings, cooking utensils, ranges and general work," etc. A foreman named Martin was on the fourth floor in a manufacturing department in which tin was used. The appellant wanted some strips of tin, and on the main floor applied to a salesman named Ricketts for them.

Here the dispute begins. Baker says that Ricketts said, "Go up on the top floor, and let the foreman cut them out for you;" to which Baker replied, "It is a small matter. I don't want to go up four or five flights of stairs; you can send the boy up and have them cut," and Ricketts answered, "Never mind, come over here; I'll take you up in the elevator.

That Baker then said "very well," and followed Ricketts to an elevator. Ricketts tells substantially the same story to the end of the direction by him to Baker to go up for the strips, and that then Baker said he didn't wish to walk upstairs, and wanted to know if Ricketts would take him up in the elevator; to which Ricketts answered that they didn't have a passenger elevator, and Baker said "Well, I have rode on it before. Start me up."

They did go to the elevator, which was for freight, not passengers, and Ricketts pushed up a sliding door, and was doing what was necessary to bring the platform from above to the level of that floor, when Baker stepped by him into the shaft, and fell to the basement.

Baker testified that the place was dark, and he had never been there before. On both these points he was contra-

Long v. Jones.

dicted by a strong preponderance of the evidence, but upon his own version it was his own want of ordinary care in passing by Ricketts into the dark which led to his misfortune.

As upon the evidence the appellant ought not to recover, it matters not what, if any, errors were committed upon instructions. Ennis v. Pullman's P. C. Co., 60 Ill. App. 398; S. C., 165 Ill. 161.

Whether the affidavits furnished any ground for a new trial we will not inquire, as they are not in the abstract. City Electric Ry. v. Jones, 161 Ill. 47. The judgment is affirmed.