## Brotherhood of Railroad Trainmen v. Sydney S. Newton.

1. BENEFICIARY SOCIETIES—*Construction of By-Laws.*—By-laws of a mutual benefit society should not be so construed as to apply to and set aside acts already done under the sanction of former rules, unless it clearly and unmistakably appears that such result was intended by the authority adopting them.

2. SAME—*Appeal Provided for by By-Laws.*—Conditions of a by-law or constitution of a beneficiary society, providing that the claims of beneficiaries shall not be paid until passed upon favorably by a subordinate lodge or committee of the lodge, and for an appeal from one tribunal to another—that members of the order and their beneficiaries shall have no right to seek redress in the courts until after the appeals provided for have been exhausted by them—are always to be strictly construed. A strained interpretation will be resorted to if necessary to avoid them.

3. SAME—*Waiver of By-Laws Requiring Appeals, etc.*—Where the by-laws provide for the submission of claims to a subordinate board and for an appeal therefrom to the grand lodge, if such subordinate board defer action until it is too late to take an appeal, and commence suit in the courts within the time allowed by the by-laws, such appeal will be considered as waived.

**Assumpsit,** on a beneficiary certificate. Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the May term, 1898. Affirmed. Opinion filed December 14, 1898.

MR. JUSTICE CRABTREE delivered the opinion of the court. This was an action on a beneficiary certificate issued by

appellant to appellee, to recover for alleged permanent disability incurred by appellee in consequence of an injury to his right knee. There was a trial by jury and verdict in favor of appellee for $1,200, the full amount of the certificate. Motion for new trial was overruled and judgment entered on the verdict.

Appellant is a fraternal beneficiary society, having a grand lodge at Peoria, and numerous subordinate lodges at various railroad centers throughout the United States and Canada. It provided certain classes of insurance for its members, their families, heirs and dependents.

The insurance department of the society is conducted by the grand lodge, which is the supreme law-making power of the organization and meets in biennial conventions, composed of delegates from all the subordinate lodges, to make such changes, amendments or additions to the laws of the society as may be deemed conducive to its general welfare.

There were three classes of insurance furnished by the society, known as A, B and C, each of which is evidenced by a written certificate issued under the hands of the grand master, and grand secretary and treasurer and the seal of the grand lodge.

In October, 1895, appellee became a member of D. S. Simonds Lodge No. 426, a subordinate lodge of the brotherhood, located at Greenfield, Massachusetts. A certificate was issued to him in class C, for $1,200, which provides for the payment of that amount to his designated beneficiaries, or to the member himself, in the event of his becoming totally and permanently disabled within the meaning of section 44 of the constitution of the society, which was as follows:

"Section 44. Any member in good standing, suffering the loss of a hand at or above the wrist joint, or the loss of a foot at or above the ankle joint, or the loss of the sight of both eyes, shall be considered totally and permanently disabled, and shall receive the full amount of his beneficiary certificate or certificates. Other claims for total disability shall be referred to the Grand Master, First Vice Grand Master, and Grand Secretary and Treasurer, who shall de-

cide as to whether or not the disability is of such a nature as to totally and permanently incapacitate the claimant from the performance of duty in any department of the train or yard service, and if the claim is approved by them, the claimant shall receive the full amount of the beneficiary certificate or certificates held by him."

The certificate issued to and accepted by appellee contained the following clause, to wit :

" This certificate is issued on the express conditions that the said S. S. Newton shall comply with the constitution, by-laws, rules and regulations, now in force or which may hereafter be adopted by the within named Brotherhood, which, as printed and published by the Grand Lodge of the said Brotherhood, are made a part hereof."

It thus appears that the contract of insurance in its entirety is found in both the certificate and the constitution and laws of the society.

In June, 1896, while attempting to get into a box car, appellee struck his right knee against the jamb of the car door and caused the injury he complains of in this suit.

Appellee made claim against appellant for payment of the certificate as in case of total and permanent disability, and not receiving payment he brought this suit, declaring on the certificate and averring that by reason of his injury he was totally and permanently disabled and incapacitated from the performance of duty in any department of the train or yard service, and from performing his ordinary duties as switchman, and from performing any severe manual labor.

An amendment to the declaration averred that at the time of receiving his injuries appellee was a member of the Grand Lodge of the Brotherhood of Railroad Trainmen in good standing. Appellant filed a verified plea in abatement, in which it is alleged that appellant is an unincorporated fraternal beneficiary society, doing business under, and by virtue of, the laws of the State of Illinois; that it is governed by, and does all its business in accordance with the constitution and general rules which it, appellant, duly and lawfully adopted and put in force for its said government,

prior to the commencement of this suit, "and that said constitution and general rules, at the time of said commencement of said suit, and from thence hitherto, have been, and now are, in full force and effect, and the same were at each and all of said several times, and now are, binding and obligatory upon the defendant and each and every of the members thereof. The defendant avers that said plaintiff was, at the time of said commencement of his said suit, and still is, a member of the defendant, and by reason of such membership the plaintiff brings his said suit, and not otherwise." The plea then continues:

"The defendant further avers that in and by section 48 of said constitution it is expressly provided as follows: 'Every death and total permanent disability claim having been disallowed by the grand secretary and treasurer, shall be referred to the beneficiary board, provided for in section 44, and if rejected by said board, the claimant shall have the right to appeal to the grand lodge; and no suit or action at law or in equity shall ever be commenced upon any beneficiary certificate, until after such appeal has been taken and decided.'

"And defendant avers that said plaintiff's claim is a total permanent disability claim, as provided for in said section 48; that said claim was, at the commencement of said suit, and still is, pending undetermined before said beneficiary board, and not finally disallowed by said board; and that no appeal of said plaintiff's claim has ever been taken to, and decided by, the said grand lodge of the defendant, as required by section 48 aforesaid. And this it, the said defendant, is ready to verify. Wherefore, it prays judgment of the said writ, and that the same may be quashed," etc.

To this plea the appellee filed three replications, as follows:

First. * * * "Says the writ herein ought not to be quashed, etc., because he says that the said section forty-eight (48) of the constitution set forth in said plea was not adopted and in force and effect as a part of the constitution and by-laws of the defendant. at the time when the plaintiff received the injuries and permanent disability complained of and set forth in his declaration; and this he is ready to verify," etc.

Second. * * * "Says the writ ought not to be
quashed, etc., because he says that it is provided in and by
the constitution of the defendant, that 'All right of action
upon such beneficiary certificate shall be barred unless such
action shall be begun in some court of competent jurisdic-
tion holden in the State of Illinois within fifteen months
after such death or disability occurs.' And the plaintiff
avers that he received the injuries causing permanent dis-
ability to him as alleged and set forth in said declaration
on, to wit, the fifth day of June, 1896, and that this plaint-
iff waited until within, to wit, three days before the expira-
tion of fifteen months after receiving said injuries and
disability before commencing this suit and that said benefi-
ciary board of the defendant neglected and refused to allow
or reject the plaintiff's claim up to that time and within
such time, so that appeal might be taken to the grand lodge
and said claim passed upon and allowed or rejected by said
grand lodge before the expiration of the fifteen months
from the time when the plaintiff received said injuries.
And this he is ready to verify," etc.

Third. * * * "Says the writ ought not to be
quashed, etc., because he says that the said beneficiary board
of the defendant have in bad faith and for an unreasonable
length of time neglected and refused to allow or disallow
the claim of the plaintiff for total disability, and that by
reason thereof there has been no order of said beneficiary
board disallowing plaintiff's claim from which he could
take an appeal to the grand lodge of the defendant. And
this he is ready to verify," etc.

The appellant demurred specially to these replications,
but the demurrer was overruled by the court, whereupon
instead of taking issue upon the replications, it filed the
general issue and went to trial on the merits.

It is now insisted that the court erred in overruling
appellant's demurrer to the replications, but we think by its
course in pleading appellant waived its right to rely upon
the demurrer. But however this may be, we are of the
opinion the demurrer was properly overruled for the reason
that the replications were a complete and sufficient answer
to the plea. When the amendment to section 48 of the
constitution was adopted, making it obligatory upon a
claimant to take an appeal to the grand lodge from a decis-
ion refusing payment of his claim, appellee's rights, what-

ever they were, had already accrued, and the society could not defeat his claim by retroactive legislation. Certainly not unless the amendment itself were specifically given a retroactive effect in clear and unmistakable terms.

When appellee became a member of the society a right of appeal to the grand lodge was given, but was not obligatory upon the claimant. After appellee's claim became fixed an amendment was adopted making such appeal obligatory, but it does not appear that the amendment, by its terms, was intended to have a retroactive effect.

In Benton v. Brotherhood of Railroad Brakemen, 146 Ill. 570, the court say: "It is a recognized rule, in the construction of statutes, that they should be so construed as to give them a prospective operation only, and they should be allowed to operate retrospectively only when the intention to give them such operation is clear and undoubted. We see no reason why substantially the same canon of construction should not be applied to the rules or statutes which a mutual benefit society sees fit to adopt for the government of its members. Such rules should not be so construed as to apply to and set aside acts already done under the sanction of former rules, unless it clearly and unmistakably appears that such result was intended by the authority adopting them."

Conditions of a by-law or constitution of a beneficiary society, providing that the claims of beneficiaries shall not be paid until passed upon favorably by a subordinate lodge or committee of the lodge, and for appeals from one tribunal to another, and that members of the order and their beneficiaries shall have no right to seek redress in the courts until after the appeals provided for have been exhausted by them, are always most strictly construed, and a strained interpretation will be resorted to if necessary to avoid them. Schiff v. Supreme Lodge, etc., 64 Ill. App. 341.

It is argued that appellee, being a member of appellant society, was not only bound by all the laws in force when he became a member, but by all which might be subsequently enacted. But when the amendment in question was adopted

appellee was something more than a member. He was a creditor whose rights had previously attached, and those rights could not be swept away nor impaired by such a scheme as this amendment contemplated. Becker v. Benefit Society, 144 Pa. St. 232. But further than this, it appears by the replications that the beneficiary board of appellant society had, in bad faith, for an unreasonable length of time, neglected and refused to allow or disallow the claim of appellee, and that by reason thereof there had been no order of the beneficiary board from which he could take an appeal to the grand lodge, even if he were bound by the amendment. And further, that the constitution of the society provided that all right of action upon the beneficiary certificate should be barred unless such action should be begun in some court of competent jurisdiction holden in the State of Illinois, within fifteen months after the disability occurred. That appellee waited until within three days of the expiration of this period of fifteen months for the board to act upon his claim, but that the board refused to either allow or reject the claim so as to give him an opportunity to appeal to the grand lodge.

We think this was a sufficient answer to the plea of appellant setting up a failure to appeal to the grand lodge. It certainly can not be that appellant should be permitted to thus take advantage of and be benefited by its own wrong. It had appellee's claim in its hands for nearly fifteen months and no action was taken upon it. The beneficiary board failed to act within such time as would have allowed an appeal to the grand lodge, and in fact failed to act at all. The appellee must bring his action within the fifteen months or take the chances of being barred by the lapse of time provided for in the constitution. Our conclusion is that appellee was entirely justified in bringing this suit; that the replications sufficiently met the plea by way of excuse or justification for not having prosecuted an appeal to the grand lodge; and the demurrer was properly overruled.

It is insisted that the proofs do not establish the fact of permanent injury to appellee. That was a question which

Brotherhood of Railroad Trainmen v. Newton.

was fairly submitted to the jury, found by them in favor of appellee and we do not feel authorized to interfere on the ground that the verdict is not supported by the evidence. The evidence for the appellee, standing alone, was amply sufficient to support the finding of the jury, and they were the proper judges of the weight of the testimony and the credibility of the witnesses.

Complaint is made as to the action of the court in giving and refusing instructions, only a portion of which appear in the abstract. As to those which are abstracted, we think no serious fault can be found and no error appears therein. We do not feel called upon to go through the record to examine all the other instructions given and refused. It may be that the principle embodied in the refused instruction was included in those given, and that the instructions as a whole were sufficient to enlighten the jury as to the law of the case. It appears from the abstract that six instructions were given for the plaintiff, only two of which are set out; it also appears the court gave eight instructions on the part of defendant, none of which are set out in the abstract. It has frequently been held that neither the Appellate nor Supreme Court are bound to consider alleged errors in instructions which are not set forth in the abstract. City Electric Ry. Co. v. Jones, 161 Ill. 47; City of Roodhouse v. Christian, 158 Id. 137; Chapman v. Chapman, 129 Id. 386.

We have, however, examined the record and are of opinion the jury were fairly instructed as to the law of the case. All that was proper to be given in the refused instruction was embodied in one given at the instance of appellant, and we think there was no error in the refusal. It is contended that the first instruction given for appellee left it to the jury to say what the condition of appellee was at the time of the trial, instead of what it was at the commencement of the suit. A similar criticism might be placed upon one of the instructions given for appellant which uses substantially the same language. We think the jury could not have been seriously misled by this slight error, even if it be con-

sidered such, and that it was not sufficiently harmful to require a reversal for that cause alone.

Finding no serious error in the record, the judgment will be affirmed.