## Grand Lodge Brotherhood of Railroad Trainmen v. Theodore P. Randolph.

1.   AFFIDAVITS—*How Made a Part of the Record.*—Affidavits used in the trial of a suit can only be made a part of the record by preserving them in a bill of exceptions.    The fact that they have been copied by the clerk in transcribing the record is not sufficient.

2.   PRESUMPTIONS—*In the Absence of a Bill of Exceptions.*—In the absence of a bill of exceptions preserving the rulings of the court the presumption is that the court ruled correctly.

3.   BENEFICIARY ASSOCIATIONS—*Appeals Provided in the By-law Permissive Only.*—Constitutions of a beneficiary associations providing for appeals from the decision of the officers of the order rejecting a claim, are permissive only; the claimant is not bound to appeal to the superior officers before bringing suit in the law courts.

4.   SAME—*Construction of Rules.*—Where a controversy is concerning the discipline or policy or the doctrine of the order or fraternity, the member must resort to the method of procedure prescribed by the association, including the remedy by appeal, before invoking the aid of the courts.    But where the member claims money due on its contract of insurance, the right to resort to the law courts to coerce payment will not be abridged by the right of appeal from a lower to a higher tribunal of the society, as conferred by its laws and rules.

**Assumpsit**, on a beneficiary certificate.  Trial in the Circuit Court of St. Clair County; the Hon. MARTIN W. SCHAEFER, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant.  Heard in this court at the February term, 1899.  Affirmed.  Opinion filed September 5, 1899.

**Statement.**—Appellant is a fraternal beneficiary association, having a grand lodge at Peoria in this State, and having numerous subordinate lodges at various railroad centers throughout the United States and Canada.

It provides certain classes of insurance for the benefit of its members, their families, heirs and other named dependents.

The insurance department of the association is conducted by the grand lodge, which is its supreme law-making power, and meets in biennial conventions composed of delegates from all the subordinate lodges, to make such changes and amendments of its laws, and to adopt such new laws as may seem conducive to the general welfare of the association.

Three classes of insurance are furnished by the association, designated by the letters A, B and C.  The grand master and grand secretary and treasurer, issue certificates of insurance of the classes named :  Class A being for $400, Class B for $800 and Class C for $1,200.

Monthly assessments are made and collected of members holding certificates, for the purpose of paying death and disability claims.

In November, 1895, appellee became a member of St. Louis Lodge No. 298, a subordinate lodge of the brotherhood, located in St. Louis, Missouri, and a certificate was issued to him in class C, bearing date November 14, 1895, which provided for the payment of $1,200 to certain parties in case of his death, and to himself in case of his total permanent disability, within the meaning of section 44 of the constitution of the order, which is as follows :

" Sec. 44.  Any member in good standing suffering the loss of a hand at or above the wrist joint, or the loss of a foot at or above the ankle joint, or the loss of the sight of both eyes shall be considered totally and permanently disabled and shall receive the full amount of his beneficiary

222     APPELLATE COURTS OF ILLINOIS.

VOL. 84.] Grand Lodge Brotherhood of R. R. Trainmen v. Randolph.

certificate or certificates. Other claims for total disability shall be referred to the grand master, first vice-grand master, and grand secretary and treasurer, who shall decide as to whether or not the disability is of such a nature as to totally and permanently incapacitate the claimant from the performance of duty in any department of the train or yard service, and if the claim is approved by them, the claimant shall receive the full amount of the beneficiary certificate or certificates held by him."

The section of the constitution in regard to disputed claims is as follows:

"Section 48. Any brother whose claim for total disability, or the person named as beneficiary in the beneficiary certificate of a deceased brother, whose claim is rejected by the grand secretary and treasurer, grand master and first vice-grand master, may appeal to the grand lodge. All disputed claims presented to the grand lodge shall be referred to the committee on benefit claims."

The certificate issued to and accepted by appellee contained a clause as follows:

"This certificate is issued on the express conditions that the said T. P. Randolph shall comply with the constitution and all the by-laws, rules and regulations now in force, or which may hereafter be adopted by the within named brotherhood, which, as printed and published by the grand lodge of the said brotherhood, are made a part hereof."

It is thus apparent that the entire contract of insurance is not contained in the certificate alone, but in that and the constitution and by-laws of the order taken together.

On May 18, 1896, appellee was accidentally thrown from an engine upon which he was riding, and, by reason of its becoming derailed and leaving the track, he was thrown under the foot-board of the engine, whereby the bones of his right leg were broken, and, as he claims, he became totally and permanently incapacitated "from the performance of duty in any department of the train or yard service."

Appellee presented his claim, and the officers of the order named in section 48 of the constitution rejected it, and appellee brought suit on the certificate, averring in his declaration that he had complied with all the rules and regulations of the order, and that from the injury received

he had become totally and permanently incapacitated for performance of duty in any department of the train or yard service.

On the third day of the term of court in which the suit was begun the defendant filed an unverified plea in abatement, as follows :

" And the said Grand Lodge of the Brotherhood of Railroad Trainmen, defendant, by Foster and Carlock, its attorneys, comes and defends, etc., and prays judgment of said writ and declaration, because it says that said brotherhood has been since its organization, and is now, an unincorporated fraternal beneficiary society, organized and carried on for the purpose of systematic benevolence to its members, their families, heirs and dependents, but not for profit; that said brotherhood is composed of one grand lodge, which is the said defendant, located at Peoria, in said State, and numerous subordinate lodges, located in the various cities of the United States and Canada; that said St. Louis Lodge No. 298, in said declaration mentioned, is, and always has been, one of the said subordinate lodges; and that said brotherhood exists and is doing business under and by virtue of a printed constitution and general rules which it heretofore, to wit, on August 1, 1897, duly adopted and put in force for the government of itself and the defendant and all of said subordinate lodges; and the constitution and general rules, as the same were adopted as aforesaid, at all times since said date, have been, and now are, in full force and effect, and each and every of the members of said brotherhood has duly signed and subscribed his name to the same, and has been and is now firmly and lawfully held and bound thereby."

The defendant avers further that the plaintiff became a member of said brotherhood on, to wit, November 14, 1895, and thereupon agreed to abide and be bound by the constitution and general rules then in force, and as the same should thereafter be duly and lawfully changed and amended; that the same were thereafter duly and lawfully changed and amended, by the said constitution and general rules which were adopted and put in full force August 1, 1897, as aforesaid; that afterward, to wit, on September 2, 1897, under and in accordance with said last named constitution, the plaintiff made a claim against said brotherhood for total and perma-

224    APPELLATE COURTS OF ILLINOIS.

VOL. 84.] Grand Lodge Brotherhood of R. R. Trainmen v. Randolph.

nent disability, which said claim was duly and regularly disallowed by the grand secretary and treasurer of the defendant and by him was then and there referred to the proper officers of said defendant, to wit, the beneficiary board thereof, for their decision, as in and by said constitution then in force was required; that said board thereafter, to wit, on November 6, 1897, duly and lawfully rejected and disallowed said claim in strict accordance with said constitution and not otherwise; and that said claim was made as aforesaid and is, for the same disability and upon the same promises and contract of insurance as in and by said declaration mentioned. And the defendant avers that in and by section 48 of the constitution, it is expressly provided as follows :

"Every death and permanent disability claim having been disallowed by the grand secretary and treasurer shall be referred to the beneficiary board provided for in Sec. 44, and if rejected by said board, the claimant shall have the right to appeal to the grand lodge; and no suit or action at law or in equity shall ever be commenced upon any beneficiary certificate until after such appeal has been taken and decided; that the claim and certificate upon which plaintiff sues herein are one and the same as provided for in said section, and not other and different claims and certificates; that after said rejection and disallowance of said claim by the said board as aforesaid, the plaintiff did not take and has not at any time before or after the commencement of said suit, taken and perfected any appeal whatever from the decision and action of said board to said grand lodge, as he had a right to do and as required by said Sec. 48; and that said grand lodge, defendant, was, during all the times aforesaid and still is, the supreme and appellate body of said brotherhood, which body alone has power and authority under said constitution and general rules to finally allow or disallow the said claim of the plaintiff.

All which matters and things aforesaid the defendant is ready to verify; wherefore, it says, the plaintiff's said suit is premature, and the defendant prays judgment of said writ and declaration and that the same may be quashed."

On the fourth day of the term defendant's attorneys asked, and the court granted them, time to plead until the

seventh day of the term.  On the sixth day of the term they filed another plea in abatement, which was an exact copy of the plea before given, except it was duly verified by affidavit.  On motion of the plaintiff both pleas were stricken from the files.

The defendant then filed a plea of general issue, and also a special plea in bar, setting up the same matters contained in the plea in abatement.  To the latter plea a demurrer was sustained on the special grounds that the matters therein alleged were matters in abatement only, and not in bar of the action; but if in bar, they were admissible under the general issue; the case went to trial on the plea of general issue only, but no evidence was offered under it of the matters set up in the special plea in bar, and plaintiff recovered a verdict and judgment for $1,250, and the defendant has brought the case here by appeal.

FOSTER & CARLOCK and MARSHALL W. WEIR, attorneys for appellant.

Claims for total and permanent disability other than those specified (loss of hand or foot, etc.) must be presented and established in a certain prescribed way.  The member has no other remedy until that is exhausted.  Grant v. Langstaff, 52 Ill. App. 128; People v. Order of Foresters, 162 Ill. 78; People v. Grand Lodge K. of P., 166 Ill. 71; Niblack on Mut. Ben. Societies, Sections 130 and 131.

GEO. F. LANE, A. A. HUNT and B. H. CANBY, attorneys for appellee.

Where the by-laws provide that beneficiaries shall have no right to seek redress in the courts until such appeals have been taken, they are most strictly construed, and a strained interpretation will be resorted to, if necessary, to avoid them.  Schiff v. Supreme Lodge, 64 Ill. App. 341; Railway P. & F. Conductors' Assn. v. Robinson, 147 Ill. 138; Railway P. & F. Conductors' Assn. v. Tucker, 157 Ill. 194.

MR. JUSTICE BIGELOW delivered the opinion of the court.

Appellant has assigned a number of errors on the record, which we will notice in their order.

226    Appellate Courts of Illinois.

Vol. 84.] Grand Lodge Brotherhood of R. R. Trainmen v. Randolph.

The first error assigned challenges the ruling of the court in sustaining appellee's motion to strike the plea in abatement from the files. The record is in no condition to raise the question as to whether the ruling of the court was correct or otherwise. It is true, several lengthy affidavits relating to the pleas have been copied by the clerk in transcribing the record, but they are no part of the record, since they are not preserved by any bill of exceptions, and they could have become a part of the record only by having been so preserved. The same rule obtains as to the motion itself.

In the absence of a bill of exceptions preserving the evidence and the rulings of the court, the presumption is it ruled correctly. Besides, after appellant had filed its first plea in abatement, it asked and obtained leave to plead again. This was a waiver of the plea in abatement. Leave to plead meant that the defendant should answer in some way to the merits of the case, and this could only be done by demurrer to the declaration, or by pleading in bar of the action. The error is not well assigned.

The second errror challenges the ruling of the court in sustaining plaintiff's demurrer to defendant's special plea in bar. Tne demurrer was general and special. Appellant's counsel say in regard to this error : " After having stricken the plea in abatement from the files it was error to sustain demurrer to plea in bar setting up the same matter." No reason is attempted to be given why the matter set up in the plea, if proper to have been considered by the jury, could not have been given in evidence, under the plea of general issue, and as we are unable to discover any, the judgment of the court sustaining the demurrer must be held to have been correct.

The third assignment of error challenges plaintiff's three instructions. The first instruction told the jury that section 48 of the constitution of the order, providing for an appeal from the decision of the officers of the order rejecting the claim, was permissive only, and that plaintiff was not bound to appeal to the grand lodge before bringing suit.

Section 48 of the constitution provides that when a claim is rejected by the officers of the order the claimant " may appeal to the grand lodge." No obligation is imposed on the claimant to appeal, and he forfeits nothing if he omits to do so. Besides, the claim is against the lodge, and the appeal is given to the lodge, thus giving it the right to sit in judgment on its own case. Under such circumstances it would have to clearly appear that the claimant had agreed to submit his rights twice to interested umpires before a court would require him to do it as a condition to his right to sue in a court of law.

It may not be out of place to inquire why, if a claimant was bound to appeal from the decision of the officers of the lodge before he could maintain a suit for his claim, was it necessary to enact further laws, such as were set up in the plea in abatement?

In the case of People ex rel. v. Order of Foresters, 162 Ill. 78, the court said :

" Where the controversy is concerning the discipline or policy or doctrine of the order or fraternity, the member must resort to the method of procedure prescribed by the association, including the remedy by appeal, before invoking the power of the courts. But it is otherwise where a member claims money due from the society on its contract, or where the beneficiary of a deceased member claims money due on its contract of insurance; in such case the right to resort to the courts to coerce payment will not be abridged by the right of appeal from a lower to a higher tribunal of the society as conferred by its laws and rules."

There was no error in giving the instruction. A. O. U. W. v. Grogan, 44 Ill. App. 111.

The objection to the second instruction is substantially the same as to the first, and it was properly given.

The third instruction told the jury in effect that if they found for the plaintiff they would allow him the amount of the certificate and interest at five per cent from the date of the rejection of the claim, and the total amount was fixed in the instruction. The certificate was an instrument in writing, and there was no dispute as to the date of the rejection of the claim, and it is not claimed that the interest

computed by the court was too much, and while it would have been the better practice to have left the computation of the interest to the jury, the error, if it was such, did no harm and is not sufficient ground for reversing the judgment.

· The refusal of the court to give defendant's instruction No. 14 is also claimed to be error. The substance of it was that the plaintiff could not maintain a suit on his claim until it was submitted to and approved by the officers of the lodge named in section 48 of the constitution.

From what has already been said in regard to plaintiff's first and second instructions, it follows that the instruction was properly refused.

Error is also assigned on the rulings of the court in overruling defendant's objections to certain evidence introduced by plaintiff. We have examined the evidence and are of the opinion that no material error was committed by its admission.

The final error insisted upon is that the verdict was contrary to the weight of the evidence and therefore the court should have sustained defendant's motion for a new trial. The verdict can not be said to have been the effect of passion or prejudice. Plaintiff's evidence was quite sufficient to sustain the verdict, and we can not say the jury were not justified by the evidence in finding as they did, and the judgment is affirmed.