GRAND LODGE BROTHERHOOD OF RAILROAD TRAINMEN

*v.*

THEODORE P. RANDOLPH.

*Opinion filed June 21, 1900.*

1. PLEADING—*plea in abatement not verified is properly stricken.*   A plea in abatement that the action is prematurely brought is properly stricken from the files when not sworn to.

2. SAME—*when second plea in abatement is improperly filed.*   A verified plea in abatement filed under leave to plead while a former plea in abatement, setting up the same matter but not sworn to, is undisposed of, is but an amended plea in abatement, and may be stricken from the files on motion of the plaintiff, in the absence of any cross-motion by the defendant.

3. SAME—*when demurrer is properly sustained to special plea.*   A demurrer is properly sustained to a special plea alleging that the action was prematurely brought, since the matter set up is in abatement and not in bar of the action.

4. EVIDENCE—*when the refusal to permit witness to exhibit injury is proper.*   In an action against a benefit society to recover benefits for permanent disability it is not error to refuse to permit a witness for the defendant to exhibit an injury of the same character as the plaintiff's, from which it is claimed he has recovered, where the defendant is allowed to give all proper testimony tending to contradict plaintiff's evidence that his injury is permanent.

5. SAME—*when refusal to permit witness to testify is proper.*   Refusal to permit a witness for the defendant to contradict plaintiff's witnesses who testified that the latter's injury was permanent is not error, where it is not shown that defendant's witness is qualified, from knowledge and experience, to express the opinion called for.

*Grand Lodge B. of R. R. T.* v. *Randolph,* 84 Ill. App. 220, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. M. W. SCHAEFER, Judge, presiding.

GRAFT & CARLOCK, for appellant.

GEORGE F. LANE, A. A. HUNT, and B. H. CANBY, for appellee.

Mr. Justice Carter delivered the opinion of the court:

The appellee brought suit in assumpsit in the circuit court of St. Clair county against the appellant, a fraternal beneficial society of this State, on a certificate of membership, to recover the amount stipulated in the constitution of the society for a total permanent disability. The pleadings and proof show that appellee was thrown from a locomotive engine and the bones of his right leg were broken, and that he was thereby permanently disabled. He obtained a judgment in the circuit court for the amount provided to be paid on account of such injuries, together with interest thereon at five per cent per annum from the disallowance of his claim by the appellant. The Appellate Court affirmed the judgment.

Upon this its further appeal the first assignment of error insisted upon by appellant is, that the trial court erred in striking its plea in abatement from the files. The substance of the plea was that the suit was prematurely brought, for the reason that by appellant's constitution after a claim is rejected by the beneficiary board the claimant may appeal to the grand lodge, and that no suit shall be commenced upon any certificate until after such appeal shall have been taken and decided; that after the board rejected appellee's claim he did not take any such appeal, but brought this suit without complying with the constitution in that regard. The plea was not sworn to, and other counsel for appellant, not knowing the plea was on file, asked and obtained leave to plead, and appellant then filed another plea in abatement, the same, in substance, as the first, but properly verified. On appellee's motion each of said pleas was stricken from the files. The first plea, not having been verified by affidavit, was properly stricken from the files. (*Life Ass. of America* v. *Fassett,* 102 Ill. 315.) The second plea, filed while the first was on file, was but an amended plea in abatement and was improperly filed. The general leave to plead, given while the first plea in abatement

was undisposed of, cannot be held to have authorized the defendant to file an amended plea in abatement, and this court did not so hold in *Castle* v. *Judson*, 17 Ill. 381, as contended by appellant. Without considering whether the leave to plead taken by the defendant was leave to plead to the merits only, and amounted to a waiver of all matter in abatement, as contended by appellee, it is clear that such leave did not authorize the defendant to file an amended plea in abatement of the same matter set up in the plea already on file. This being so, the second plea in abatement was improperly filed and there was no error in striking it off. (*Cook* v. *Yarwood*, 41 Ill. 115.) Whether, on cross-motion, under the facts disclosed in the affidavits filed upon plaintiff's motion to strike the pleas from the files, the court might not properly have allowed the sworn plea to be filed, is a question not presented, as no such cross-motion was made.

. After its pleas in abatement were stricken from the files the defendant pleaded, first, non-assumpsit; and second, a special plea that the plaintiff failed to appeal to the grand lodge before bringing the suit,—the same matter previously pleaded in abatement. A demurrer was sustained to the special plea, and in so deciding appellant contends that the court below fell into error. The demurrer was properly sustained. The matter set up in the plea was in abatement, and not in bar. It was, in substance, that the action was prematurely brought and it did not go to the meritorious grounds of the action. The matter alleged, if it had been found on trial to be true, would not have barred a future recovery for the same cause of action after the appeal to the grand lodge had been taken. *Archibald* v. *Argall*, 53 Ill. 307; *Palmer* v. *Gardiner*, 77 id. 143; *Culver* v. *Johnson*, 90 id. 91; *Pitts Sons' Manf. Co.* v. *Commercial Nat. Bank*, 121 id. 582; 1 Ency. of Pl. & Pr. 22, and cases there cited.

There was much controversy on the trial over the question whether or not appellee was totally and per-

manently disabled, but that question of fact has been conclusively settled in his favor.

It is contended, however, that the trial court erred in its rulings upon the admission and exclusion of evidence, and we have carefully examined the evidence and the questions thus raised but do not find that any error was committed.    For example, it is contended that the court erred in refusing to allow the witness Holmes to exhibit his injured ankle to the jury.    The purport of the testimony of the witness was that his ankle had been crushed and injured as seriously as the plaintiff's leg had been, and that it had so far healed that he was still able to perform his duties in the train service of the railroad company.    Certain medical witnesses for the plaintiff had testified, in effect, that a fractured leg never gets well, and that a person who had suffered such a fracture would be disabled from performing train service upon railroads.    The defendant sought to dispute such testimony by the personal experience of Holmes and by the exhibition of his leg to the jury.    The court permitted a liberal examination of this witness, and allowed the defendant to elicit from him all proper testimony tending not only to contradict the testimony given on behalf of the plaintiff, but tending to prove that notwithstanding plaintiff's injury he was not totally and permanently disabled from engaging in railroad train service, as alleged. But it is obvious that the point at issue was the extent of the plaintiff's and not of the witness' injuries, and that to have permitted the close scrutiny requested, into the nature and extent of the injury to the witness' ankle, would have raised a collateral issue and diverted the minds of the jury from the issues submitted to them.

It is also urged that the court allowed witnesses for the plaintiff to testify that his injuries disqualified him for railroad train service but erroneously refused to allow a witness for the defendant to testify that such injuries did not disqualify him.    The record shows that the rea-

son upon which the ruling was based was, that it was not shown that the defendant's witness was qualified, from knowledge and experience, to express the opinion called for. There was, therefore, no error in the ruling of the court.

No complaint has been made in this court of the rulings of the court in instructing the jury, and, the record appearing to be free from error, the judgment must be affirmed.

*Judgment affirmed.*