## Brotherhood of Railway Trainmen v. Andrew F. Greaser.

1. FRATERNAL INSURANCE—*Policy Will be Construed to Avoid Allowing One of the Parties to be Judge in Its Own Case.*—The trend of judicial authority is so decidedly against the propriety of allowing one of the parties, or its special representative, to be judge or arbitrator in its own case, that even a strained interpretation will be resorted to, if necessary, to avoid such a result.

2. SAME—*Compliance with a Mode of Auditing Claims Not a Condition Precedent to Right of Recovery.*—Plaintiff held a certificate in a fraternal insurance company, the by-laws of which provided for a certain mode of auditing claims before payment. *Held*, that the compliance with the by-laws as to such mode is not a condition precedent to the right of recovery, and that the certificate is an absolute agreement to pay the insurance.

3. SAME—*In Matters of Discipline or Policy Member Should Resort to Method of Procedure Prescribed by Association.*—Where a controversy is concerning the discipline or policy of the order or fraternity, the member must resort to the method of procedure prescribed by the association, including the remedy by appeal; but where the member claims money due on a contract of insurance, the right to resort to the law courts to coerce payment will not be abridged by the right of appeal from a lower to a higher tribunal of the society, as conferred by its laws and rules.

Assumpsit.—Appeal from the Circuit Court of Rock Island County; the Hon. HARVEY M. TRIMBLE, Judge presiding. Heard in this court at the April term, 1903.    Affirmed.    Opinion filed June 8, 1903.

ADAIR PLEASANTS, attorney for appellant.

SEARLE & MARSHALL, attorneys for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

This suit was brought on a certificate of membership in the Brotherhood of Railway Trainmen, a fraternal organization furnishing life insurance and indemnity for total and permanent disability to its members. The membership is divided into different classes, according to the kind of benefits provided, appellee being a member of class C, entitling his wife, if living, otherwise, his executors or administrators, to the sum of $1,200 in the event of his death, and entitling him to the same amount in the event of his total and permanent disability.    Section 44 of the

by-laws and regulations of the order provides that "any member in good standing suffering from the loss of a hand at or above the wrist joint, or the loss of a foot at or above the ankle joint, or the loss of the sight of both eyes, shall be considered totally and permanently disabled, and shall receive the full amount of his beneficial certificate. Other claims for disability shall be referred to the grand master, first grand vice-master and grand secretary and treasurer, who shall decide as to whether or not the disability is of such a nature as to totally and permanently incapacitate the claimant for the performance of duty in any department of the train and yard service, and if the claim is approved of by them, the claimant shall receive the full amount of the beneficial certificate or certificates held by him." Section 48 of the by-laws provides that rejected claims for total disability may be appealed to the grand lodge. Appellee's injuries were not such as the contract provided should be conclusively deemed total disability, but fell in the second class, entitled "other claims."

A special plea to the declaration was filed setting up the above stated provisions of the by-laws and averring that appellee's claim that he was totally and permanently disabled had been presented to the officers named and had been by them adversely reported; that thereupon the claimant appealed to the grand lodge which sustained the finding. To this plea a demurrer was filed craving oyer of the constitution and general rules of the defendant order including the provisions above stated. The demurrer was sustained; the defendant abided by its plea, and after withdrawing all other pleas judgment was rendered in favor of the plaintiff. The defendant appeals. The only question presented is, does the plea state a good defense?

The contention of appellant is that approval of the claim by the officers named, or by the grand lodge upon appeal, is a condition precedent to the right of recovery. The certificate is a policy of insurance. It is not claimed or pleaded, that appellee was not in good standing in the order, or that he was in arrears in the payment of his premium for the insurance, that he obtained the certificate by false

representations or that there was any other defense whatever than that stated in the special plea.

The submission of the question of appellee's total disability, which is the only issue presented by appellant's pleadings, to a board composed of the grand master, first grand vice-master and grand secretary and treasurer, and on appeal, to the grand lodge, is virtually a submission to the defendant itself. The trend of judicial authority is so decidedly against the propriety of allowing one of the parties or its especial representatives, to be judge or arbitrator in its own case, that even a strained interpretation will be resorted to, if necessary, to avoid such a result. Railway Conductors' Benefit Association v. Robinson, 147 Ill. 159. If a different construction is fairly admissible it should be adopted. Neither the constitution, rules or by-laws of appellant provide that there can be no recovery if the designated officers or grand lodge reject the claim, and we do not consider it our duty to interpolate such a provision into them. If such had been the interpretation or fair understanding of their effect by the appellant, it would seem that the rules or by-laws would somewhere have made provision for a contest or hearing. The claimant would have been accorded an opportunity to present, prove and argue his claim. Common justice demands as much. We can not assume that the appellant, a most commendable organization, having for its object the bestowal of indemnity to disabled railway employes, or to their families, in the event of their death, ever intended to bind the brotherhood to a mode of trial which has received the disapproval of the Supreme Court of this and numerous other states. In Brotherhood of Railroad Trainmen v. Newton, 79 Ill. App. 500, the court held that the conditions of a by-law or constitution of a beneficiary society, providing that the claims of beneficiaries shall not be paid until passed upon favorably by a subordinate lodge or committee of the lodge, and for an appeal from one tribunal to another, and that members of the order and their beneficiaries shall have no right to seek redress in the courts until after the appeals provided for have been exhausted by them, are always to be strictly construed. A strained interpretation

will be resorted to, if necessary, to avoid them.   And in Grand Lodge Brotherhood of Railroad Trainmen v. Randolph, 84 Ill. App. 220, which was affirmed in 186 Ill. 89, it was held that constitutions of beneficiary associations providing for appeals from the decision of the officers of the order rejecting a claim, are permissive only; the claimant is not bound to appeal to the superior officers before bringing suit in the law courts.   Where a controversy is concerning the discipline, or policy, or the doctrine of the order or fraternity, the member must resort to the method of procedure prescribed by the association, including the remedy by appeal, before invoking the aid of the courts. But where the member claims money due on a contract of insurance, the right to resort to the law courts to coerce payment will not be abridged by the right of appeal from a lower to a higher tribunal of the society, as conferred by its laws and rules.

Upon the consideration of a similar question in Railway Conductors' Benefit Association v. Robinson, 147 Ill. 160, the court says:

" On referring to article 5 of the constitution, it will be found that, as set out and alleged in the defendant's answer, the article is divided into three paragraphs, and its subject-matter is such as to make that division natural and proper.   The first paragraph merely provides that all claims against the association shall be referred to the board of directors, and that upon the approval of such claims by a majority of the board and by the president, they shall be paid by the secretary.   It is perhaps doubtful whether the claims here referred to include the indemnity payable on the death of a member, as those are claims which the secretary can not ordinarily pay on their approval by the board, but only after the making and collection of an assessment.   But however this may be, the provision certainly amounts to no delegation of power to determine conclusively the validity or invalidity of the claims presented. Its effect is to constitute the directors an auditing board to which claims are to be referred in the first instance before the secretary is authorized to pay them.   In this it clearly has nothing to do with the final adjudication of contested claims."

Our attention has been directed to Eighmy v. The Broth-

erhood of Railway Trainmen, 113 Iowa, 681, which holds
that a favorable determination by the officers named in the
certificate is a condition precedent to the plaintiff's right
of recovery.  The opinion does not set out the certificate,
but treats it as one which does not provide for the payment
of benefits for total disabilities other than those expressly
specified, except as they are decided to be such by the
grand master, grand vice-master, and grand secretary.  The
case cites Illinois authorities in conflict with the conclusion
reached.  Giving the case the construction contended for
by appellant, we decline to follow it for the reason that it
is in conflict with the well-established law of this state.
We are also cited to Sanderson v. Brotherhood of Railroad
Trainmen, 204 Pa. St. 182, 53 Atl. Rep. 767, which holds
such decision by the officers named, is conclusive.

We construe the certificate to be a positive agreement to
pay in the event of total and permanent disability.  Favor-
able action upon the claim by the officers designated or by
the grand lodge upon appeal is not a condition precedent
to the right of recovery.  The presentation of the claim to
such officers or to the grand lodge is nothing more or less
than a method adopted by the appellant for the auditing of
claims.  The demurrer to appellant's special plea was prop-
erly sustained.  The judgment of the Circuit Court is
affirmed.