### Neil K. Bond, Appellee, v. Grand Lodge Brotherhood of Railroad Trainmen, Appellant.

1.  FRATERNAL BENEFIT SOCIETIES—*when provision as to liability in event of permanent disability against public policy.*  It is against the policy of the law to permit a beneficiary society to determine by its own officers whether or not conditions have arisen which entitle a beneficiary under one of its policies to benefits so as to prevent that beneficiary from applying to the courts for relief in case of the neglect or refusal by the society to determine his rights or pay his claim.

2.  FRATERNAL BENEFIT SOCIETIES—*what tends to establish total and permanent disability.*  Evidence of examinations by railroad surgeons and refusal of employment because of physical disqualification, *held*, as competent to establish a total and permanent disability under the terms of the policy in suit in this case.

3. FRATERNAL BENEFIT SOCIETIES—*effect of admitting portion of section of constitution.* *Held,* that while it would have been proper to have admitted in evidence the entire section of the constitution, yet that it was not reversible error to have received but a portion of such section.

4. FRATERNAL BENEFIT SOCIETIES—*how contract of insurance construed.* A contract of insurance between the member and the society is to be liberally construed in favor of the member.

5. TRIAL—*when denial of continuance not error.* The denial of a motion for a continuance is not improper where the petition in support of it fails to show diligence in attempting to secure the attendance or deposition of the witness by reason of whose absence the continuance is sought.

Assumpsit. Appeal from the Circuit Court of Marion county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed November 11, 1911.

WILLIAM G. WILSON, SAMUEL N. FINN and CHARLES N. HOLT, for appellant.

NOBLEMAN & SMITH and W. F. BUNDY, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellee brought suit on a beneficiary certificate issued by appellant, and in his declaration set the same out in full. The certificate, which was dated June 20, 1907, recited that appellee was a member of Elmo Lodge No. 675 of said Brotherhood, entitled to benefits of the membership and to participate in the beneficiary department class C of the Brotherhood, to the amount set forth in the constitution, which in the event of his total and permanent disability, should be paid to him or at his death to other persons named. It stated that the certificate was issued upon the express condition that appellee should comply with the constitution, by-laws, rules and regulations then in force or which might thereafter be adopted by the Brotherhood, and that he pay all dues and assessments imposed upon him as provided by the constitution and by-laws.

The declaration further averred that appellee had paid all dues and assessments imposed upon him in the manner required of him and that on August 15, 1908, while he was in good standing in the Brotherhood, and being in the employ of the Southern Railway Company, as a brakeman, he received a severe injury resulting in the crushing of his left foot and ankle, whereby he was crippled and received a total and permanent disability; that by reason of his certificate he was entitled to recover of appellant the sum of $1,350.

To this declaration, appellant filed the general issue and two special pleas. The first special plea relied as a defense to the action on sections 68 and 70 of appellant's constitution, which were as follows:

"Section 68. Any member in good standing suffering, by means of physical separation, either the loss of a hand at or above the wrist joint, or the loss of a foot at or above the ankle joint, or suffering the loss of the sight of both eyes, shall be considered totally and permanently disabled, and shall receive on sufficient and satisfactory proof of the same the full amount of his beneficiary certificate, but not otherwise.

"Section 70. All claims for disability not coming within the provision of Section 68, shall be held to be addressed to the systematic benevolence of the Brotherhood, and shall in no case be made the basis of any legal liability on the part of the Brotherhood. Every such claim shall be referred to a Beneficiary Board, composed of the Grand Master, Assistant Grand Master and Grand Secretary and Treasurer, who shall prescribe the character and decide as to the sufficiency of the proofs to be furnished by the claimant, and if approved by said board, the claimant shall be paid an amount equal to the full amount of the certificate held by him and such payment shall be considered a surrender and cancellation of such certificate, provided that the approval of said Board shall be required as a condition precedent to the right of any such claimant to benefits hereunder, and it is agreed that this section may be pleaded in bar of any suit or action

at law, or in equity, which may be commenced in any court to enforce the payment of any such claim.  No appeal shall be allowed from the action of said Board in any cause; but the Grand Secretary and Treasurer shall report all disapproved claims made under this Section to the succeeding biennial convention for such disposition as said convention shall deem just and proper.''

The second special plea relied on section 68 alone and both of them alleged that appellee had not received the injuries described in section 68.

To these special pleas a general demurrer was filed, which was sustained by the court.  Appellant elected to stand by his special pleas and went to trial on the general issue.  There was a verdict and judgment in favor of appellee for the full amount of his claim and interest.

Appellant assigns 19 errors, which may be classed and are in effect argued under the five following heads:  (1) That the court erred, in sustaining appellee's demurrer to the special pleas, (2) in denying a motion for continuance made by appellant, (3) in the admission and exclusion of evidence, (4) in refusing to give appellant's peremptory instruction and (5) in instructing the jury.

The most important question raised by appellant and the one on which the case more nearly hinges than any other, is that which is concerned with the sustaining of the demurrer to appellant's two special pleas.  The certificate issued by appellant is called by it a ''beneficiary certificate.''  By its terms appellee, being in good standing as admitted by said pleas, was entitled to participate in the beneficiary department, class C, of said Brotherhood, to the amount set forth in the constitution thereof, which amount, in the event of his total and permanent disability, should be paid to him, or in case of his death to other persons described in the certificate.  The plain language of the certificate shows that it is intended by it that the

beneficiary should receive the amount mentioned in the constitution for his class in case of his total and permanent disability. Section 70, however, provides that "all claims for disability not coming within the provision of section 68, shall be held to be addressed to the systematic benevolence of the Brotherhood, and shall in no case be made the basis of any legal liability on the part of the Brotherhood."

As a matter of fact therefore, if section 70 is to be literally sustained, those beneficiaries who suffer total and permanent disabilities in any manner other than those named in section 68, are totally without insurance, as their claims for benefits depend entirely upon the benevolence or charity of the Brotherhood, and whether this benevolence or charity shall be exercised, is not a matter of right on the part of a beneficiary who has paid his dues and has afterwards been totally and permanently disabled, but is left entirely to the decision of the beneficiary board of the brotherhood, which may or may not, as it pleases, extend its benevolence or charity in such instance. By the provisions of the constitution, this board would have the right to allow the claim of benefits in one instance, while in another instance, equally meritorious, it would have the right to wholly deny the claim.

One of the objects of the certificate is plainly to insure benefits to the beneficiary in the event of his total and permanent disability and it is reasonable to assume that this is one of the reasons why the beneficiary takes out his certificate and pays his dues and assessments, but the provision of the constitution above referred to, deprives him, except in certain limited cases, of those benefits. That the interpretation sought to be given the certificate and constitution, by appellant, is unjust and unfair to the beneficiary, is obvious and, as it appears to us, cannot be sustained under the holdings of our courts of appellate jurisdiction. A former section of the constitution of appellant, upon this subject, has been before our courts

several times. That section contained language in substance the same as the present section No. 68, but the rest of the section, which is now succeeded by section 70, was as follows:

"Other claims for total disability shall be referred to the Grand Master, First Vice Grand Master and Grand Secretary and Treasurer, who shall decide as to whether or not the disability is of such a nature as to totally and permanently incapacitate the claimant from the performance of duty in any department of the train or yard service and if the claim is approved by them, the claimant shall receive the full amount of the beneficiary certificate or certificates held by him."

There was also another section providing for an the officers above named, to the grand lodge.

In Brotherhood of Railroad Trainmen v. Newton, appeal by a person whose claim had been rejected by 79 Ill. App. 500, and Brotherhood of Railroad Trainmen v. Randolph, 84 Ill. App. 220 (affirmed 186 Ill. 89), the injuries complained of by the beneficiaries were not included in those described in the constitution as total and permanent disabilities, and the beneficiary board had neglected or refused to allow the claims, but judgments in favor of the beneficiaries were sustained by the Appellate Court in both cases.

In Brotherhood of Railroad Trainmen v. Greaser, 108 Ill. App. 598, where the same provisions of the constitution were under consideration, and where again the injury suffered by the beneficiary was not one of those named as a total and permanent disability in the constitution or by-laws, a special plea to the declaration was filed setting up said provisions of the by-laws and regulations of the order, to which a demurrer was filed and sustained by the trial court. The judgment of the Circuit Court was affirmed by the Appellate Court and in the course of the opinion affirming the same, it was said: "The submission of the question of appellee's total disability, which is the only issue presented by appellant's pleadings, to a

board composed of the grand master, first grand vice-master and grand secretary and treasurer, and on appeal, to the grand lodge, is virtually a submission to the defendant itself. The trend of judicial authority is so decidedly against the propriety of allowing one of the parties or its special representatives, to be judge or arbitrator in its own case that even a strained interpretation will be resorted to, if necessary, to avoid such a result. If a different construction is fairly admissible it should be adopted. Neither the constitution, rules or by-laws of appellant provide that there can be no recovery if the designated officers or grand lodge reject the claim, and we do not consider it our duty to interpolate such a provision into them. * * * We construe the certificate to be a positive agreement to pay in the event of total and permanent disability. Favorable action upon the claim by the officers designated or by the grand lodge upon appeal is not a condition precedent to the right of recovery."

Since these cases were decided, the constitution and by-laws of appellant appear to have been amended and now provide, as above set forth, that no claim for disability, not coming within the provision of the constitution defining total and permanent disabilities, shall be made the basis of any legal liability on the part of the brotherhood, and that the section of the constitution so providing may be pleaded in bar of any suit or action at law or in equity, which may be commenced in any court to enforce the payment of any such claim.

Appellant contends that under the amended constitution, the special plea above referred to should have been sustained. With this contention, however, we do not agree.

In Great Hive of Modern Maccabees v. Hodge, 130 Ill. App. 1, it was set up as a defense by special plea, that the by-laws provided, the "Great Hive or its executive committee had power to decide as to the

Bond v. Grand Lodge Brotherhood of R. R. T., 165 Ill. App. 490.

validity of all death claims; that its decision should be final and no suit in law or equity should be commenced or maintained, by any beneficiary against the Great Hive."

A demurrer was sustained by the trial court to this plea and the Appellate Court, which affirmed the judgment in favor of the beneficiary, said in discussing this question: "While such a regulation as that set up in the plea would, perhaps, be a complete bar to a suit, where the arbitration or hearing provided for was to be had before some third party, or some tribunal in no way connected with or a part of the insurance order, yet there can be no doubt that a beneficiary named in the benefit certificate is not bound to submit his claim for adjudication to the tribunal provided for in the rules or by-laws of the insurance order before instituting suit in the courts, when such rule or by-law attempts to make an officer or officers of such association, such arbiter or tribunal."

It appears to us that it is plainly against the policy of the law to permit a beneficiary society to. determine by its own officers whether or not conditions have arisen which entitle a beneficiary under one of its policies to benefits so as to prevent that beneficiary from applying to the courts for relief in case of the neglect or refusal by the society to determine his rights or to pay his claim. The demurrers to the special pleas, were, in our opinion, properly sustained.

When the case was called for trial, appellant entered a motion for a continuance, on account of the absence of a witness residing in St. Louis, Missouri. The affidavit in support of the motion, which was made by one of appellant's attorneys, stated, that appellant expected to prove by this witness, who was a physician, certain facts set forth tending to show that the injuries of appellee were not such as totally to disable him from performing the work of a railroad trainman or otherwise; that affiant and the other attorneys for

498    APPELLATE COURTS OF ILLINOIS.

Bond v. Grand Lodge Brotherhood of R. R. T., 165 Ill. App. 490.

appellant had made diligent inquiry to procure and ascertain all witnesses who might know of anything in relation to said cause; that the discovery of such evidence came to affiant and his associates but a few hours before the trial and that until such time neither of them knew that said witness was a material witness and that they had been unable, by reason of the short time intervening between the discovery of the evidence, and the commencement of the trial to secure the attendance of such witness.

The trial court did not abuse its discretion in refusing this motion, as it failed to show diligence on the part of appellant in attempting to secure the attendance or deposition of the absent witness. It is true the affidavit states that knowledge of the existence of the evidence referred to did not come to the attorneys for appellant until a few hours before the trial, but there is nothing in the affidavit whatever to show that it had not been long known to appellant itself, through its officers, who had this matter in charge.

The trial court did not err in permitting appellee to show that he had made application to other railroad companies, had been examined by their surgeons and had been refused employment because he was not physically qualified to perform duties in the train service. This evidence was competent as tending to prove appellee's claim that he was totally and permanently disabled by his injury. Nor did the court commit prejudicial error in refusing to permit appellant to introduce in evidence sections 68 and 70 of the constitution above referred to. These sections were set up in the special pleas and what we have said in reference to sustaining the demurrer to these pleas, includes the reasons why they would not be proper in evidence.

Appellant objects that the court permitted appellee to introduce a portion of section 60 of its constitution,

FOURTH DISTRICT—NOVEMBER, 1911.    499

Bond v. Grand Lodge Brotherhood of R. R. T., 165 Ill. App. 490.

without the balance of it, the criticism being that the whole section should have been offered together for the reason that that portion following the part introduced in evidence, is necessarily and inseparably connected therewith. The portion of the section introduced was necessary for the purpose of showing the classes into which the beneficiary certificates were divided and how such certificates should be issued. The remainder of the section amplifies and explains the portion of the section which was admitted and might well have been itself admitted in evidence. We do not think, however, that its exclusion was material error.

Appellant again complains that the court erred in refusing to give its peremptory instructions offered at the close of appellee's evidence and at the close of all the evidence in the case, upon the ground that there was no evidence that appellee had suffered such an injury as contemplated by the contract of insurance. This contention is based upon two propositions, (1) that the total disability must be such as is named in section 68 of the constitution, which objection we have hereinbefore disposed of, and (2) that the disability suffered by appellant was not such as to incapacitate him wholly and permanently from performing or directing any kind of labor or business.

By the provisions of appellant's constitution, the membership in the order was restricted to railroad trainmen in road service or yard service and the dues were no doubt fixed with a view of covering the risk incurred by men in such vocation. In construing insurance contracts of organizations such as appellant, it must be remembered, as said in Supreme Lodge v. Meister, 105 Ill. App. 471, that "the predominant intention of the parties in a contract of insurance is indemnity, and this intention is to be kept in view in putting a construction upon policy and by-laws. A contract of insurance is always to be literally con-

strued in favor of the assured, so as not to defeat without a plain necessity the claim to indemnity.''

It appears to us reasonable that applicants for certificates must, under the circumstances, have been led to believe that in accepting certificates, they would become insured against such injuries as would totally and permanently disable them from following their vocation as railroad trainmen in road or yard service.

With this view it was for the jury to determine whether or not appellee was totally and permanently disabled and the instruction was properly refused.

The principal questions raised by appellant in regard to the instructions have been disposed of by us against appellant's contention under other assignments of error heretofore considered.

The judgment of the court below will be affirmed.

*Affirmed.*