## Fraternal Aid Association v. Martha Hitchcock, for use, etc.

1., FRATERNAL BENEFIT SOCIETY—*when by-law of, will not be enforced against member.* A by-law of a benefit association authorizing an officer of such association finally to construe a law thereof purporting to limit its liability to pay benefits and obligating a member to abide the decision of such officer in the construction of such by-law, will not be enforced by the courts against a member if it be possible to avoid that result.

2. FRATERNAL BENEFIT SOCIETY—*when by-law of, invalid.* A by-law such as is mentioned in the preceding paragraph of syllabus is, upon grounds of public policy, invalid as an attempt to usurp the judicial functions of government.

3. FRATERNAL BENEFIT SOCIETY—*by-law of, construed.* The by-law in question in this case, which, among other things, purported

to give the general president of the fraternal association authority
finally to construe the laws of the association and decide all ques-
tions arising thereunder, *held*, to relate to the construction of such
by-laws and the decision of such questions as concerned the govern-
ment of the association and the general conduct of its affairs, and
not as investing such officer with the power finally to determine the
contract liability of the association to its members.

4. EXTRA-HAZARDOUS EMPLOYMENT—*when entry into, voids benefit
certificate.* Where a member has bound himself to be subject to the
by-laws of the fraternal association at the time he became a member,
and all by-laws thereafter enacted, if he thereafter engages in an
occupation expressly prohibited by the by-laws, he thereby incurs
the penalty of having his certificate suspended until he has refixed
his status by a compliance with the by-laws of the association in
such case made and provided.

5. EXTRA-HAZARDOUS EMPLOYMENT—*when member of fraternal
benefit association cannot recover because of.* A recovery cannot
be had upon a benefit certificate issued to a member of a fraternal
benefit society who, after its issuance, entered into employment
prohibited by the by-laws of the association and thereupon executed
a waiver of liability in the event of death resulting from such em-
ployment where death did result to such member by reason of such
employment.

Action of assumpsit. Appeal from the Circuit Court of Christian
County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in
this court at the November term, 1904. Reversed, with finding of
facts. Opinion filed June 21, 1905.

CHAFEE & CHEW, for appellant.

FRANK P. DRENNAN, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

Appellee recovered a verdict and judgment against appel-
lant in the court below for $1,000, upon a benefit certificate
for that amount, issued by appellant to George R. Hitch-
cock, August 9, 1899. The certificate provided that it was
issued subject to the statements made by the insured in his
application dated August 5, 1899, and all the provisions
contained in the fundamental laws of the general council,
and was liable to forfeiture if the insured should not comply
with said fundamental laws, and such by-laws as are or may

be adopted by the general council, or by the local council of which insured was a member.

At the time insured became a member of appellant association, section 1 of law 1, of its so-called fundamental laws, provided as follows:

"The persons engaged in the following occupations shall not be admitted to membership: Railway engineers, freight brakemen, switchmen, or couplers, wholesalers or manufacturers of intoxicant liquors, saloonkeepers or bartenders, sailors on seas or lakes, miners (except salt miners), employes of powder factories, professional base ball players, balloonists or employes occupying positions of danger in electric light or power works: PROVIDED, That one who has held continuous membership for one year or more, and enters one of the above occupations he may continue his membership by filing a waiver with the General Secretary, waiving any claim under his certificate for casualty or death, caused either directly or indirectly, by or through the prohibited occupation:

PROVIDED, further, That any member engaging in the business of wholesalers and manufacturers of intoxicant liquors, saloonkeeper or bartender, shall thereby forfeit his membership."

Section 1 of article VII of the by-laws, defining the powers of the general president of the association, provided: "He shall decide all questions of law and order, and his construction shall be final until reversed by the general council."

Subsequently, and before the death of the insured, section 1 of law 1 relating to prohibited occupations, was amended so as to read as follows:

"The persons engaged in the following occupations shall not be admitted to membership: Firemen, switchmen, or couplers, sailors on seas or lakes, miners (except salt, gold or zinc miners), employes of powder factories, professional base ball players, and balloonists or employes occupying positions of danger in electric light or power works; but any member

of this association who has held continuous membership for one year or more who shall enter upon one of the above occupations may continue his membership by filing a waiver with the General Secretary, waiving any claim under his certificate for casualty or death caused either directly or indirectly, by or through the prohibited occupation. But the entrance of such member upon the duties of his prohibited occupation shall of itself suspend his beneficiary certificate until he shall file the above waiver with the General Secretary of this association."

And section 1 of article VII of the by-laws, defining the powers of the general president, was amended so as to read as follows:  "He (the General President) shall construe all laws of this Association and decide all questions arising thereunder, and his decisions shall be final until reversed or modified by the General Council."

In his application for membership in appellant association, the insured stated his occupation as a "laborer," and such application contained among other things, the following declaration:

"I further declare and warrant, That I am not now engaged in the occupation, to be engaged in which would debar one from membership in the Fraternal Aid Association. And agree, that if I should engage in any of them without signing waiver, or at any time engage in the manufacture or sale of alcoholic liquors, or acquire the habit of drunkenness, or daily and excessive use of intoxicants, opium or other narcotic drugs, or shall acquire any other habit, which may imperil my life, I shall for myself, my heirs, assigns, representatives and beneficiaries, forever forfeit all the rights and privileges which might otherwise accrue to me and them by reason of my membership in the Fraternal Aid Association."

October 13, 1899, about two months after the certificate sued on was issued to insured, he changed his occupation from laborer on the surface of the ground to that of track

layer in a coal mine. On September 4, 1901, in response to a request by the local secretary of appellant association for a decision by the general president upon the status in the association of members employed as drivers, track layers, timber men, grippers and in other occupations in coal mines, the general president replied as follows: "The intent of the law is that all persons working under ground in mines are classed as 'miners' and come under the head of 'Hazardous Risks.' They are all miners within the meaning of the law. In regard to some of your members not wanting to sign the waiver, would call their attention to chapter 11, par. No. 149, Section 6, Page 39, beginning the latter part of said paragraph: 'But the entrance of such member upon the duties of his prohibited occupation shall of itself suspend his beneficiary certificate until he shall file the above waiver with the General Secretary of this Association.' "

Upon receipt of this letter, the local secretary of appellant association told the insured that under the by-laws of 1901 and the interpretation of the general president, he understood insured's certificate would be void if insured did not sign a waiver. The local secretary then gave the printed waiver and a stamped envelope addressed to the general secretary, to insured, and the latter signed same and mailed it to the general secretary, by whom it was received January 7, 1902. The waiver, was as follows:

"Waiver, EXTRA HAZARDOUS OCCUPATION. I, George Hitchcock, a member of Pana Council 275, located at Pana, State of Illinois, holding Benefit Certificate No. 32819 for $1,000, having changed my occupation from that of laborer to that of mine laborer, a prohibited occupation by the laws of the Fraternal Aid Association, and recognizing that it is an occupation of greater hazard to life than the occupation which the Fraternal Aid Association admits to its membership, and that I could not under its laws retain membership in said Fraternal Aid Association in my present occupation, I hereby agree, that in consideration of my Beneficiary Certificate remaining in full force and effect cover-

ing the insurable risk of my former occupation, that should casualty or disease affecting health peculiar to and incident to my new occupation lead to or be the cause of my death or disability in any wise, I hereby waive any and all claims upon the Fraternal Aid Association under my Beneficiary Certificate.                           GEO. HITCHCOCK.
    Attest: B. F. MILLIKEN,
(Seal.)                      Local Secretary."

On January 9, 1902, the insured, while employed as a track layer in a coal mine, was killed by a stone falling on him. By appropriate pleadings, issue was joined upon the questions involved and here presented for determination.

In support of the judgment of the Circuit Court, it is urged by appellee, that the occupation of track layer in a coal mine was not a prohibited occupation under any by-law in force at the time of the death of the insured; that the decision of the general president of appellant association, that persons working under ground in mines should be classed as "miners" and the insured be required to sign a waiver, was without authority and was a fraud upon the rights of the insured and of appellee as his beneficiary; that the by-law giving the general president authority to construe the meaning of the word "miners," as designating a prohibited occupation, is unreasonable; that as the by-laws in force at the time insured became a member of appellant association did not contain any self-executing provision forfeiting the certificate in case the insured should engage in a prohibited occupation, within one year thereafter, the subsequent amendment of the by-laws by incorporating such self-executing provision was not operative as to the certificate in question; that the insured having changed his occupation nearly two years before the decision of the general president, and appellant association having, with full knowledge of that fact, collected dues and assessments from the insured, the insured had acquired a vested right to remain a member of the association, and any by-law enacted or decision thereafter rendered divesting him of that right would be unlaw-

ful; that it not appearing from the record that insured had a right to change the beneficiary named in his certificate, such beneficiary had acquired a vested interest in the certificate.

In the view we are disposed to take of this case, it is not necessary to determine whether the insured while engaged in the occupation of track layer in a coal mine, was a miner within the meaning of section 1 of law 1, designating "miners" as one of a class of prohibited occupations.

It has been held, in effect, that a by-law of a benefit association authorizing an officer of such association finally to construe a law of the association purporting to limit its liability to pay benefits, and obligating a member to abide the decision of such officer in the construction of such by-law, will not be enforced by the courts against a member, if it be possible to avoid that result. Railway Conductors' Ben. Assn. v. Robinson, 147 Ill., 138. We are inclined to the opinion, that such a by-law should, upon grounds of public policy, be held by the courts to be invalid as an attempt to usurp the judicial functions of government. 1 Bacon on Ben. Soc., 3rd ed., sec. 123; 2 id. sec. 400 a; Green v. Bd. of Trade, 49 L. R. A. 365, note 372.

The by-law in question, purporting to give the general president authority finally to construe the laws of the association and decide all questions arising thereunder, may be held to relate to the construction of such by-laws and the decision of such questions as concern the government of the association and the general conduct of its affairs, and not as investing such officer with the power finally to determine the contract liability of the association to its members, and we shall so hold in this case.

The insured having bound himself to be subject to the by-laws of the association at the time he became a member and all by-laws thereafter enacted, if he thereafter engaged in an occupation expressly prohibited by the by-laws, incurred the penalty of thereby having his certificate suspended until the filing of a waiver, unless the association had in some manner waived such suspension. Sup. Lodge of K.

of P. v. Kutscher, 179 Ill., 340; Peterson v. Gibson, 191 Ill., 365.

By the terms of his contract of insurance, the insured was required upon engaging in a prohibited occupation to file a waiver with the general secretary waiving any claim under his certificate for casualty or death caused by or through such prohibited occupation. The collection by the officers of the association of dues and assessments from the insured after the filing of such waiver by him would not operate to waive liability if the insured met casualty or death by or through the prohibited occupation, because the certificate remained in force as an indemnity against casualty or death caused otherwise than by or through the prohibited occupation, and for indemnity against casualty or death not caused by or through such prohibited occupation insured remained liable to pay dues and assessments.

There can be no doubt, under the evidence in this case, but that the insured signed the waiver introduced in evidence and forwarded the same to the general secretary of appellant association, and that the same was received and filed by such officer. The insured thereby voluntarily concurred in and submitted to the decision of the general president, that the occupation of track layer in a coal mine was a prohibited occupation within the meaning of the by-laws, and waived any claim against appellant association for casualty or death caused by or through such occupation. The decision of the general president, if not binding on the insured, cannot be said to be unreasonable, but as we think, was clearly within the spirit, if not within the letter of the by-law designating prohibited occupations, and the insured having voluntarily assented to and adopted the construction placed upon such by-law, was bound by the waiver executed by him. The insured having filed the waiver provided for in the contract of insurance, any question of a waiver of its liability by the association by the collection of dues and assessments from the insured prior to his filing such waiver or of the binding force and effect of the subsequently enacted provision forfeiting the certificate in case the insured should

engage in a prohibited occupation within one year thereafter, does not arise.

The contention of appellee that she had a vested interest in the benefit certificate is without force. The beneficiary named in a benefit certificate issued by a fraternal benefit association has a mere expectancy and not a vested interest during the life of the insured. Middeke v. Balder, 198 Ill., 590.

The judgment of the Circuit Court is reversed without remanding.

*Reversed.*

Finding of facts, to be incorporated in the judgment of the court.

We find that the insured, George Hitchcock, was killed while employed as a track layer in a coal mine; that prior to his death, the said Hitchcock, as his own free and voluntary act, filed with the general secretary of appellant association, a waiver recognizing his occupation of track layer in a coal mine, to be a prohibited occupation within the meaning of the by-laws of said association, and thereby waived any claim against appellant association for his death caused by said occupation.