DETERMINED IN THE

## THIRD DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1906.

---

### Great Hive Ladies of the Modern Maccabees v. Nereous Hodge et al.

1. ARBITRATION—*effect of provision for, in benefit certificate.* A beneficiary, named in a benefit certificate is not bound to submit his claim for adjudication to the tribunal provided for in the rules or by-laws of the insurance order before instituting suit in the courts, when such rule and by-laws attempt to make an officer or officers of such association such arbiter or tribunal.

2. FRATERNAL BENEFIT SOCIETY—*when non-delivery of certificate immaterial.* Where a contract of insurance as between the society and the member has become fixed, the retention by the association of the benefit certificate and the non-delivery thereof has no effect to prevent a recovery upon such certificate.

3. FRATERNAL BENEFIT SOCIETY—*character of statement essential to constitute warranty.* A statement to constitute a warranty must be a statement with respect to a matter material to the risk.

Action of assumpsit. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1906. Affirmed. Opinion filed November 27, 1906.

L. C. HAY and JOHN V. McILWAIN, for appellant.

RAYBURN & BUCK and D. D. DONAHUE, for appellees.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

Nereous Hodge and Ellen Clinton brought suit in the

(1)

Circuit Court of McLean county against the Great Hive Ladies of the Modern Maccabees upon a policy of insurance issued by such order to Katie Hodge and recovered a judgment in the sum of $1,000. The order has appealed.

It appears from the evidence that said appellant is a fraternal insurance order incorporated under the laws of the State of Michigan; that it has a grand or supreme lodge having a general jurisdiction over the affairs of the order, and subordinate lodges into which the members, after having passed a medical examination, are initiated; that said Katie Hodge was duly initiated as a member of subordinate lodge No. 880 of said order on the second day of August, 1904, and on the ninth day of September, 1904, received her life benefit certificate for the sum of $1,000 payable at her death to her husband, Nereous Hodge; that afterward said Katie Hodge requested said appellant to issue her another benefit certificate and make it payable to her husband and her mother, Ellen Clinton, as joint beneficiaries; that in compliance with such request appellant issued, on the tenth day of February, 1905, such new or other certificate, payable to the said husband and mother, which was not delivered until February 13, 1905, and that said Katie Hodge died of tuberculosis on the twelfth day of February, 1905.

Appellant first contends that there was error in the action of the court in sustaining a demurrer to appellant's first special plea, which set up in substance that said Katie Hodge, in accepting the benefits of membership had agreed to obey or be bound by all the laws and regulations of the order and that her beneficiaries should be likewise so bound; that by the laws of the order said Great Hive was the highest tribunal of the order and had power to regulate and control its endowment fund and fix all rates of death assessment, etc.; that said Great Hive, or its executive committee, had power to decide as to the validity of all death

claims; that its decision should be final and that no suit at law or in equity should be commenced or maintained by any beneficiary against the Great Hive; and that by reason thereof this cause of action could not be maintained.

. While such a regulation as that set up in the plea would, perhaps, be a complete bar to a suit, where the arbitration or hearing provided for was to be had before some third party, or some tribunal in no way connected with or a part of the insurance order, yet there can be no doubt that a beneficiary named in the benefit certificate is not bound to submit his claim for adjudication to the tribunal provided for in the rules or by-laws of the insurance order before instituting suit in the courts when such rule or by-law attempts to make an officer or officers of such association such arbiter or tribunal. Supreme Lodge Order of Mutual Protection v. Meister, 204 Ill. 527; Fraternal Aid Association v. Hitchcock, 121 Ill. App. 402; Brotherhood of Railway Trainmen v. Greaser, 108 Ill. App. 598; C., B. & Q. R. R. Co. v. Hendricks, 125 Ill. App 580. The trend of judicial authority is so decidedly against the propriety of allowing one of the parties, or its especial representatives, to be judge or arbiter in its own case, that even a strained interpretation will be resorted to, if necessary, to avoid such a result. Railway Conductors' Benefit Association v. Robinson, 147 Ill. 138-159.

Said first special plea presented no defense in said cause and the demurrer thereto was properly sustained.

Appellant next contends that no recovery can be had in this case because the benefit certificate recites upon its face that it was delivered one day after the death of Katie Hodge. This contention is without merit. It can make no difference to appellant when the certificate was delivered, or whether delivered at all. Appellant had consented to the change in the certificate

on the tenth day of February, 1905, while said Katie Hodge was still alive, making her husband and mother her beneficiaries.   The contract of insurance became thereby fixed in favor of appellees and the fact that appellant kept or retained the certificate in its custody cannot defeat that liability.

Appellant next argues that Katie Hodge wilfully made false answers to important questions put to her by the medical examiner for the purpose of defrauding appellant, and upon this feature of the case claims the verdict was clearly against the weight of the evidence. Upon that subject, the conflict was sharp and the evidence so conflicting that we do not feel warranted in holding that the verdict is against the manifest weight of the evidence.   Doctor Burr testified that he was the regularly appointed medical examiner of appellant and that Mrs. Hodge submitted to a full examination by him; that on examining her he found signs of bronchitis and questioned her regarding it and that she told him she was suffering from a severe cold; that he asked her all questions printed on the application furnished by appellant and wrote down her answers as she gave them; and that this statement was forwarded to the appellant.   This witness discloses nothing to indicate that either he or any other officer of appellant was deceived by deceased.   While it is true that one witness testified that the ailment from which deceased was suffering was a well-marked case of consumption, another pronounced it to be bronchitis only, while another still said it was bronchitis at one time when he saw her, with a stomach trouble and biliousness added at another time.   The physical condition of the applicant at the time she joined the order was submitted to Doctor Burr, who was acting for and on behalf of appellant.   We find no evidence in the case that the applicant herself, on the date of her examination, which was nearly seven months before her death, knew that she had consumption fastened upon her or

knew that any one of the answers made by her was wilfully and falsely made as argued by appellant.

Appellant's criticism of the first instruction given for appellees is not warranted, as such instruction does not assume that Doctor Burr knew, when he examined Katie Hodge, that she had tuberculosis as contended, but required the jury to find from a preponderance of the evidence that he had such knowledge.

Appellant's criticism of the third instruction given for appellees, upon the ground that it was not proven that Doctor Burr was the agent of appellant, is equally groundless. There was no issue whatever made upon the agency of Doctor Burr. He testified that he had been regularly appointed by appellant as its medical examiner. Appellant allowed the evidence upon this subject to be given without objection and no one on its behalf denied the agency. The instruction given therefore could not have prejudiced appellant's cause.

The court committed no error in refusing to give appellant's third instruction as offered. Even if the subject of warranty by the applicant could have been availed of by appellant, upon the application made by the deceased, there was no plea presented by appellant which set up such defense, disconnected from the subject of wilful fraud and deceit. Every special plea offered by appellant set up in positive terms that said deceased had falsely answered the questions put to her for the purpose of deceiving and defrauding appellant, and that appellant, relying upon the truth of the answers of deceased, was deceived and defrauded thereby. Furthermore, such instruction failed to note the difference between a material and an immaterial statement, as affecting the character of the representation made by the applicant. A statement made by an applicant under the circumstances of this case (to become of the character of a warranty, a breach of which would defeat a recovery) would of necessity have to relate to some material matter.

We think the evidence in the case is sufficient to sustain the verdict and as there is no revrsible error in the record, the judgment is affirmed.

*Affirmed.*

The motion to strike is overruled.