## Ellen C. Hatch, Appellee, v. Royal League, Appellant.

1. DIRECTING VERDICT—*sufficiency of evidence to prove adversary's case raised by motion to direct verdict.* When a motion is made by defendant to exclude the evidence and to direct a verdict in its favor it raises the question whether the evidence on the part of plaintiff, taken as true, together with the reasonable inferences to be drawn therefrom, fairly tends to prove plaintiff's case.

2. INSURANCE—*what constitutes prima facie case for plaintiff in action for insurance.* In an action to recover on an insurance certificate the introduction of the policy, reciting the payment of the first premium, proof of the death of the insured, the giving of notice and furnishing of proofs of death or waiver thereof, and proof that the plaintiff is the beneficiary in the policy, shows a prima facie right of recovery.

3. INSURANCE—*filing of præcipe as commencement of suit on policy within contract period of limitations.* All that is necessary for the beginning of a suit on an insurance policy within the time fixed therefor by the policy is that a præcipe be filed, it not being necessary that service be had upon the defendant within the period.

4. INSURANCE—*what constitutes waiver of limitations provision of insurance contract.* While the limitation clauses in policies of insurance are not favored by the courts and slight circumstances will often be sufficient to constitute a waiver, the receipt by an agent of an insurer of a letter suggesting a compromise will not tend to establish a waiver especially where, though the proposition for a settlement was made direct to one of the head officers, it was made after a specific denial of liability had been made by the company.

5. INSURANCE—*validity of provisions avoiding insurance contract for change of occupation.* Provisions in contracts of insurance that if insured changes his occupation and enters any employment increasing the risk, contrary to the provisions of the policy, it shall render the contract of insurance unenforceable, are valid.

6. INSURANCE—*condition in application avoiding contract for change of occupation by member as part of contract.* A condition in an application for a certificate of insurance, signed by the insured, to the effect that if he engages in a prohibited occupation the certificate shall become void, enters into and becomes an essential part of the contract.

7. INSURANCE—*forfeiture by member by engaging in prohibited occupation.* Where an insured person, in violation of the contract of insurance and in violation of the by-laws of the society changed his occupation after becoming a member to an occupation expressly

prohibited by the contract and by-laws, and knowledge of such change did not come to the society until after the death of the member, he forfeited the benefits of the contract both for himself and for the beneficiary named in the certificate.

Appeal by defendant from the City Court of East St. Louis; the Hon. WILLIAM F. BORDERS, Judge, presiding. Heard in this court at the March term, 1924. Reversed with finding of fact. Opinion filed July 7, 1924.

R. P. & C. B. WILLIAMS, for appellant; GEORGE W. MILLER, of counsel.

LOUIS BEASLEY and EDWARD C. ZULLEY, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

An action in assumpsit was instituted by appellee against appellant in the City Court of East St. Louis on a beneficiary certificate issued by appellant. The certificate in the first instance was issued on June 19, 1906, and was made payable to the father of Charles C. Hatch, as beneficiary. Thereafter, on May 4, 1917, said certificate was canceled and a new certificate was issued in which appellee was named as beneficiary. The insured died November 6, 1920.

The declaration is in the usual form setting forth the certificate in full, and alleging that Charles C. Hatch, the insured, died on November 6, 1920; that notice of death was given appellant as provided by its by-laws and constitution; that the insured during his lifetime had kept and performed the terms and provisions of the certificate, and that the beneficiary since his death had kept and performed the same; alleging damages, etc.

To said declaration, appellant filed a plea of the general issue and three special pleas.

The first special plea, among other things, sets forth a certain by-law of appellant, as follows: "No suit or proceeding at law or in equity shall be brought

by any member or his beneficiary or beneficiaries to recover for any disability or death benefits unless such suit or proceeding is commenced within six months from the death of the member, in case of a death benefit claim, or from the date the alleged claim matured in case of a disability claim;'' and averred that the said Charles C. Hatch died November 6, 1920, and that suit was instituted by appellee to recover on said certificate on August 6, 1923, being more than six months after the death of said deceased.

In the second special plea, it is averred that the said Charles C. Hatch signed a certain application, in which he stated as follows:

''I, the undersigned, for the purpose of securing membership in the above named Council of the Royal League, do hereby expressly warrant the truthfulness of each and all the statements made by me herein. * * *

''And I do further, for said purpose, represent and declare that I am not now engaged in any of the following occupations or employments: Switchman, brakeman, conductor on freight trains, railroad engineer or fireman, train baggageman, yardmaster.

''And should I become actively engaged in any of the above enumerated occupations or employments, my so doing shall forfeit and absolutely terminate thereafter all rights, interest, payments, benefits or privileges of myself, my family, heirs, dependents or beneficiaries, without proceedings for expulsion, or otherwise, on the part of said association.

''If accepted as a member I agree to comply with, and that my membership and all interests of the persons entitled to such benefits shall be subject to all laws, rules and usages now in force in the Order, or which may be hereafter adopted by it.

''I do hereby certify that I have read the foregoing and fully understand the same.''

Said plea further avers that on October 15, 1920, said Charles C. Hatch became actively engaged in the occupation of switchman in the employ of the Mobile & Ohio Railroad Company, and that he died on No-

vember 6, 1920, from injuries received by being run over by an engine of said company, while engaged in the performance of his duties as such switchman.

The third special plea, in addition to setting forth said application as in the second special plea, sets forth the following provisions of the by-laws of appellant society:

"Application shall not be received from the following classes of persons: (3) Switchman, surface flagman, track repairers, car repairers (except those employed in shops and construction yard), brakeman, conductors on freight trains, railroad agent and fireman, train baggageman and yardmaster, who are required to do switching and coupling of cars.

"Section 3 (1) Any member of the order who shall, after obtaining membership therein, become engaged in or pursue any business or employment enumerated in section 2 of this law, shall thereby absolutely forfeit and terminate all interest, benefits and privileges as a member, and all those of his beneficiaries, family, heirs or dependents, and no proceeding on the part of the order or notice therefrom shall be necessary to create or enforce such forfeiture and termination; provided that the provisions of this sub-section shall not operate to forfeit the membership of any member of the order engaged on July 1, 1906, in any of the occupations enumerated in sub-section 3 of section 2 of the law, by reason of such engagement therein."

It is further averred that said insured became a switchman for the Mobile & Ohio Railroad on October 15, 1920, and received his injuries and death as hereinabove set forth.

To the first special plea, appellee replied that from the 6th day of November, 1920, to the 2nd day of May, 1921, appellant, by its promises and negotiations with appellee, led her to believe that she would be settled with, and that it would not be necessary to file suit.

To the second special plea, appellee replied knowledge on the part of appellant that said insured was engaged in the occupation of switchman and yard-

master, and that appellant thereby waived the enforcement of said provision of said certificate.

To the fourth special plea, appellee replied that the insured was required to do switching and coupling of cars by the Mobile & Ohio Railroad, although he was acting in the capacity of yardmaster; that appellant knew of such engagement, through its officers and agents, and did not, prior to November 6, 1920, cancel said benefit certificate.

Appellant, by successive rejoinders, denied any knowledge on the part of its officers of the violation of its laws and the conditions of said contract, and in addition thereto, in its rejoinder to the replication of appellee to the fourth plea of appellant, alleges that at the time of the issuance of said certificate, section 24 of law 2 was in full force and effect, and that the same prohibited notice or knowledge of an officer, or any conduct of such officer, from constituting a waiver of any of the requirements of the contract or any requirements of by-laws of appellant.

A trial was had resulting in a verdict and judgment in favor of appellee for $1,000.00. To reverse said judgment, this appeal is prosecuted.

At the close of appellee's evidence, and again at the close of all the evidence, motions were made by appellant to exclude the evidence, and to direct a verdict in its favor. The court overruled said motions, and this ruling is assigned as error by appellant.

This motion raises the question as to whether the evidence on the part of appellee, taken as true, together with the reasonable inferences to be drawn therefrom, fairly tends to prove appellee's case. If it does, the court correctly overruled said motions. *Libby, McNeill & Libby v. Cook*, 222 Ill. 206; *Reiter v. Standard Scale Co.*, 237 Ill. 380; *Devine v. Delano*, 272 Ill. 179; *Kelly v. Chicago City Ry. Co.*, 283 Ill. 643; *McFarlane v. Chicago City Ry. Co.*, 288 Ill. 478.

In actions to recover on an insurance policy, the introduction of the policy sued on, reciting the pay-

ment of the first premuim, proof of the death of the insured, the giving of notice and furnishing of proofs of death to the company or a waiver of such proofs, and proof that the plaintiff is the beneficiary in the policy, shows a prima facie right of recovery. *Benes v. Bankers' Life Ins. Co.,* 282 Ill. 236-242, citing and approving *Continental Life Ins. Co. v. Rogers,* 119 Ill. 474.

We are therefore of the opinion and hold that, under the evidence in this case, the court did not err in refusing to direct a verdict in favor of appellant, as we are not prepared to hold that the evidence on the part of appellee, taken as true, with all the reasonable inferences to be drawn therefrom, would not warrant a recovery.

It is next contended by appellant that appellee is barred of right of recovery on account of her failure to institute suit for a recovery under said certificate within six months from the death of said insured. Appellee concedes, as she must, that her suit was not brought within six months, but by her pleadings she seeks to avoid the provision in said policy on the alleged ground that appellant had waived that provision of its by-laws, or that by its conduct in dealing with appellee it is estopped to insist on the provision of said by-laws.

The evidence relied on by appellee in support of her replication that appellant had waived or was estopped from insisting on the provisions of its by-law limiting the time in which suit must be brought, consisted of the following oral testimony, and of certain letters which passed between appellee and appellant. Appellee was asked, on direct examination, the following question:

"Q. How is it you did not commence this suit within six months after Mr. Hatch's death?"

The question was objected to, but the court allowed the same to be answered, as follows:

"A. Mr. Wiegman told me he did not know what

they would do about paying the policy, but he knew they would pay back what Charley had paid in."

On January 18, 1921, George W. Miller, General Counsel and Examiner of Claims, and one of the head officers of appellant society, wrote appellee, and among other things he stated:

"In going over these papers (proofs of death) it is discovered that Mr. Hatch was employed as a switchman by the Mobile & Ohio Railroad Company and that he met his death by being run over by an engine of that company while he was engaged in performing his duties as a switchman." Then, after calling appellee's attention to the provisions of the by-laws, etc., the letter states: "The occupation of switchman is one of the employments enumerated in section 2 referred to in the section which I have just quoted."

"Now, when Mr. Hatch entered upon the performance of his duties as switchman, he thereby forfeited and terminated all his interests, benefits and privileges as a member of the Association, as well as those of his beneficiary. Not only is this the case, but Mr. Hatch came to his death through the following of this prohibited occupation. It is therefore with regret that I must advise you that the Association cannot pay your claim. The case is a clear one of the member having become engaged in the prohibited occupation and meeting his death through the following of such occupation. * * * I am accordingly enclosing you herewith the Association's draft in your favor for $2.11," this being the last assessment, which was paid after the death of the insured.

Thereafter, on March 15, 1921, appellee wrote Mr. Miller the following letter:

"Your letter of Jan. 18th was a great disappointment to me.

"Had you sent a representative here to investigate the case as the Modern Woodmen have done, I am sure you would have made a different decision.

"Mr. Hatch had never accepted a position as switch-

man and was listed as yard clerk when he was killed.
* * *

"I hope that you will reconsider the matter and change your decision as I would rather settle the matter without litigation if possible.

"Would like to have your answer within a week."

On May 2, 1921, Mr. Miller wrote Mrs. Hatch acknowledging her letter of March 15, and refers to his letter of January 18, and calls attention to the provisions in the application signed by the insured, and closed his lettter by stating: "I regret the necessity of causing you the disappointment which may result from our declining to pay the claim, but I think you will understand why the Association cannot do otherwise."

Appellee testified she wrote another letter, but no other letter was offered in evidence, and no proof was made with reference to the contents of any other letter written by her, so that so far as the record is concerned, these are the only letters written.

It is a serious question whether the contents of these letters were sufficient to have warranted appellee in failing to bring her suit within the six months period, as the letter of January 18 specifically rejected the claim of appellee. Her subsequent letter of March 15 amounted to a request that the officers of the society change their decision—in fact, that is what she asks.

Be that as it may, the letter of May 2, which appellee considers as the final rejection of her claim, was mailed four days before the expiration of the six months, and should have reached appellee on May 3, three days before the expiration of the six months period. Even if it did not reach her until the 4th of May, when she states she received it, it was still two days before the expiration of said period, and was in plenty of time for her to have instituted her suit. All that was necessary in order to begin the suit was that a præcipe be filed. It was not necessary that

service be had upon the defendant within the six months' period. *Schroeder v. Merchants & Mechanics' Ins. Co.,* 104 Ill. 71; *Bush v. Hanson,* 70 Ill. 480.

While it is true that limitation clauses in policies of insurance are not favored by the courts, and slight circumstances will often be held sufficient to constitute a waiver of such stipulations, still it has never been held, so far as made to appear, that an agent of an insurance company, by merely receiving a letter suggesting a compromise, thereby waives such provisions, or that this would tend to establish a waiver. *Hansell-Elcock Co. v. Frankfort, Marine Accident & Plate Glass Ins. Co.,* 177 Ill. App. 500-508. While the proposition for a settlement was made direct to one of the head officers, at the same time, it was made after a specific denial of liability had been made by the company.

It is next contended by appellant that, without reference to whether or not appellee is barred from maintaining her suit on account of not having brought it within the six months' period, the insured, by performing the duties of a switchman for the Mobile & Ohio Railroad Company, in violation of the provisions of his application which was made a part of his certificate, and in violation of the by-laws of appellant society, thereby forfeited his rights in said certificate, and also the rights of the beneficiary therein.

. Appellee, in one of her replications, set forth that the insured was engaged in the occupation of yardmaster and switchman, with the knowledge of appellant and its officers. The proof offered by appellee in support of her replication absolutely fails to establish the same. There is no evidence in the record to the effect that appellant or its officers had knowledge that the insured was performing the duties of a switchman, or was doing switching, prior to his death. The evidence is all to the effect that the knowledge with reference to the insured being engaged in the occupation of switching for the Mobile & Ohio

Railroad Company, came to the appellant and its officers after the death of the insured. The record conclusively shows that the insured engaged in the duties of a switchman, contrary to the by-laws of appellant society and contrary to the application and warranty signed by him at the time said certificate was issued, and that this occurred without the information or acquiescence of appellant society.

Provisions in contracts of insurance to the effect that if the insured changes his occupation and enters any employment increasing the hazard of the risk, contrary to the provisions of the policy, it shall render the contract of insurance unenforceable, are valid. *Garrity v. Catholic Order of Foresters,* 148 Ill. App. 189-192; *Fraternal Aid Association v. Hitchcock,* 121 Ill. App. 402.

The condition or provision in an application for a certificate of insurance, signed by the insured, to the effect that he shall not engage in a prohibited occupation, and if he does, such certificate shall become void, enters into and becomes an essential part of the contract between the insured and the insurer. *Mutual Protective League v. Langsdorf,* 126 Ill. App. 572-574; *Quinn v. North American Union,* 162 Ill. App. 319-326: *Benes v. Supreme Lodge Knights & Ladies of Honor,* 231 Ill. 134.

Other errors were assigned on the record with reference to the rulings of the court on the instructions, etc., and while we are of the opinion that the court erred in giving certain instructions, in the view we hold of this case it will not be necessary for us to discuss the same.

We are therefore of the opinion and hold that the assured having, in violation of his contract of insurance and in violation of the by-laws of appellant society, changed his occupation after becoming a member of appellant society, to an occupation expressly prohibited in his contract of insurance and in said by-laws, he thereby forfeited the benefits of said cer-

tificate, both for himself and for the beneficiary named in said certificate.

The judgment of the trial court will therefore be reversed. The clerk of this court will incorporate as a part of the judgment in said cause the following finding of fact:

That the insured, after the issuing of the certificate sued on in this case, in violation of the application signed by him, which, under its terms, became a part of his contract of insurance, and in violation of the by-laws of appellant society, performed the duties of a switchman, and while so performing said duties, he met with the injury which resulted in his death.

*Reversed with finding of fact.*